UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANDRE D. WASHINGTON,<br>    Petitioner, | Case No. 1:18-cv-709 |
| vs. | Cole, J.<br>Bowman, M.J. |
| WARDEN, NORTH CENTRAL<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

On April 27, 2020, the Court dismissed with prejudice petitioner's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254, and denied a certificate of appealability. (Docs. 31, 32). In November 2020, petitioner filed a "Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b)(6)," stating that he did not receive notice of the Court's April 27, 2020 Judgment until August 2020. (Doc. 33, at PageID 528-30). Also before the Court is petitioner's "Motion to Authenticate Evidence Pursuant to Rule 901(A)." (Doc. 41). For the reasons below, it is **RECOMMENDED** that the motion to reopen the time for an appeal (Doc. 33) be **DENIED** and that the motion to authenticate evidence (Doc. 41) be **DENIED as moot**.

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that the notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). Where the appellant fails to file a timely notice of appeal or to request an extension to do so because of failure to receive notice of the judgment, Rule 4(a)(6) allows the appellant to reopen the time for filing an appeal in certain limited circumstances. Unfortunately for petitioner, such circumstances are absent here.

Under Rule 4(a)(6):

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(d). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

In his motion to reopen the time for filing an appeal, petitioner asserts that he learned of the Court's April 27, 2020 Judgment in August of 2020, after he sent a letter to the Clerk of Court's office checking on the status of his case. (Doc. 33, at PageID 529). Under Rule 4(a)(6), a motion to reopen must be filed within 180 days of the entry of judgment or 14 days after the appellant receives notice, *whichever is earlier*. Although the exact date that petitioner received notice of the Court's Judgment is not clear from petitioner's motion, it is clear that his November 2020 motion to reopen was filed well after August and more than 180 days after the April 27, 2020 Judgment was entered. "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." *Bowles v. Russell*, 432 F.3d 668, 673 (6th Cir. 2005) (quoting *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000)).

Perhaps recognizing that his motion to reopen the time for filing an appeal was filed outside the time permitted by Rule 4(a), petitioner filed the instant motion to reopen the time for filing an appeal under Fed. R. Civ. P. 60(b). The Sixth Circuit has found that "Rule 60(b) is an appropriate means of considering equitable interests when a notice of appeal is filed late for reasons other than lack of notice." *Tanner v. Yukins*, 776 F.3d 434, 441 (6th Cir. 2015). Given

that the basis for petitioner's motion to reopen the time for filing an appeal is lack of notice, the Court is unpersuaded that equitable relief under Rule 60(b) is appropriate.

Even crediting, for the sake of argument, petitioner's assertion in his Rule 60(b) motion that it took two months for him to receive information he requested from prison staff to support his motion to reopen (*see* Doc. 33, at PageID 529), documents attached to the motion indicate that petitioner received the requested information at least by October 16, 2020 (*see* Doc. 33, at PageID 534; *see also* Doc. 40, at PageID 560)—more than ten days before the 180-day time period expired under Rule 4(a)(6) and more than nineteen days before petitioner signed his motion on November 4, 2020.  *Cf. Martin v. Sullivan*, 876 F.3d 235, 238 (6th Cir. 2017) (expressing confidence that where delay in appealing is attributable to prison officials, the courts "have the tools to ensure that the right to appeal is not defeated") (quoting *Poole v. Family Ct. of New Castle Cty.*, 368 F.3d 263, 269 (3d Cir. 2004)).  Petitioner has failed to show that he was unable to meet the time requirements of Rule 4(a)(6) or acted diligently in pursuing his rights.

Further, the Court **RECOMMENDS** that petitioner's alternative request for thirty days to file a motion under Rule 60(b)(2) to "demonstrate how he qualifies for the miscarriage of justice gateway" (*see* Doc. 33, at PageID 530) be **DENIED**.  Petitioner has not attached the proposed Rule 60(b)(2) motion, *see* Fed. R. Civ. P. 7(b), and the Court is unable determine from the motion before the Court whether the proposed Rule 60(b)(2) motion is functionally a second or successive habeas corpus petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

Finally, in reaching the above recommendations, the Court has considered the documents attached to petitioner's motion to reopen the time for filing an appeal.  (Doc. 33).  Because, even considering those documents, the Court is not persuaded that the motion to reopen (Doc. 33) is well taken, the motion to authenticate those records (Doc. 41) should be **DENIED as moot**.

3

Accordingly, in sum, it is **RECOMMENDED** that petitioner's "Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. 33)," including his alternative request for thirty days to file a motion under Fed. R. Civ. P. 60(b)(2), be **DENIED**, and that petitioner's motion to authenticate evidence (Doc. 41) be **DENIED as moot.**

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's "Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b)(6)," including his alternative request for thirty days to file a motion under Fed. R. Civ. P. 60(b)(2), be **DENIED.**

2. A certificate of appealability should not issue with respect to the denial of petitioner's Fed. R. Civ. P. 60(b) motion because jurists of reason would not find it debatable that the Court abused its discretion in denying petitioner's motion for relief from judgment. *See United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007).

3. In light of the above recommendation, petitioner's "Motion to Authenticate Evidence Pursuant to Rule 901(A)" (Doc. 41) be **DENIED as moot.**

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**

*Stephanie K Bowman*

Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ANDRE D. WASHINGTON,<br>    Petitioner, | Case No. 1:18-cv-709 |
| vs. | Cole, J.<br>Bowman, M.J. |
| WARDEN, NORTH CENTRAL<br>CORRECTIONAL INSTITUTION, | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).