# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANDRE D. WASHINGTON,<br>    Petitioner, | Case No. 1:18-cv-709 |
| vs. | Cole, J.<br>Bowman, M.J. |
| WARDEN, NORTH CENTRAL<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

On April 27, 2020, the Court dismissed with prejudice petitioner's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254, and denied a certificate of appealability. (Docs. 31, 32). In November 2020, petitioner filed a "Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b)(6)," stating that he did not receive notice of the Court's April 27, 2020 Judgment until August 2020. (Doc. 33, at PageID 528-30). Petitioner also filed a related "Motion to Authenticate Evidence Pursuant to Rule 901(A)." (Doc. 41). On March 22, 2021, the undersigned recommended that petitioner's motion to reopen the time for an appeal (Doc. 33) be denied and that the related motion to authenticate evidence (Doc. 41) be denied as moot. (Doc. 42). This report and recommendation is currently pending before the District Court.

Petitioner has since filed a "Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Serve Notice pursuant to Fed. R. Civ. P. 77(d)" (Doc. 44), a "Memorandum in Opposition to the Magistrate's Report and Recommendation" (Doc. 45), and a "Motion to Withdraw Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with Doctrine of Equitable Tolling" (Doc. 46).[1] Because the undersigned understands petitioner's Motion for Relief of

---

[1] Petitioner submitted his Motion to Withdraw Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with Doctrine of Equitable Tolling (Doc. 46) in the same document as his Memorandum in Opposition to the Magistrate's Report and Recommendation (Doc. 45). For clarity, the Clerk of Court docketed the memorandum in opposition (Doc. 45) and Motion to Withdraw Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with Doctrine of Equitable Tolling (Doc. 46) separately. The undersigned considers petitioner's submission only to the extent it contains his

Equitable Tolling Due to the Clerk's Failure to Serve Notice pursuant to Fed. R. Civ. P. 77(d) (Doc. 44) and his Motion to Withdraw Fed. R. Civ. P. 60(b)(6) Claim with Leave Proceed with Doctrine of Equitable Tolling (Doc. 46) to seek reconsideration of the undersigned's March 22, 2021 Report and Recommendation, albeit based on a new equitable tolling theory, the undersigned considers those motions herein.

> A. **Petitioner's "Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Serve Notice pursuant to Fed. R. Civ. P. 77(d)"**

In Document 44,[2] petitioner seeks to reopen the time for filing an appeal based on equitable tolling under *Holland v. Florida*, 560 U.S. 631 (2010). Equitable tolling is a doctrine that "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). Petitioner has failed to show that equitable tolling applies to Fed. R. App. P. 4(a)(6), the rule that governs reopening the time to file an appeal from federal district courts. The Sixth Circuit has found that "nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." *Bowles v. Russell*, 432 F.3d 668, 673 (6th Cir. 2005) (quoting *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000)).

---

Motion to Withdraw Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with Doctrine of Equitable Tolling (Doc. 46). To the extent the submission also contains petitioner's memorandum in opposition to the undersigned's March 22, 2021 Report and Recommendation (Doc. 45), the submission remains pending for consideration by the District Court.

[2]Although petitioner titles Document 44 "Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Serve Notice pursuant to Fed. R. Civ. P. 77(d)," the Court's docket sheet states that a copy of the District Court's April 27, 2020 Opinion and Order (Doc. 31) and of the Judgment (Doc. 32) were mailed to the parties that did not receive electronic notification. Although petitioner contends that he did not receive notice of the Court's Order and Judgment until August 2020, there is no indication that the Clerk failed to serve notice of the Order and Judgment. In any event, for the reasons stated herein, petitioner's Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Serve Notice pursuant to Fed. R. Civ. P. 77(d) (Doc. 44) should be denied.

Furthermore, as the Court stated in its March 22, 2021 Report and Recommendation, petitioner has failed to show that he was unable to meet the time requirements of Rule 4(a)(6) or acted diligently in pursuing his rights. (*See* Doc. 42, at PageID 570-71). Indeed, the Court notes that while petitioner continues to assert that it took two months for him to receive information he requested from prison staff to support his motion to reopen (*see* Doc. 44, at PageID 578), petitioner has not shown that he was prevented from filing a timely motion to reopen under Rule 4(a)(6) supported by other evidence—such as by an affidavit or declaration attesting to the facts he asserts supports the motion. *See Novel v. New York*, No. 2:13-CV-0698, 2015 WL 6542413, at *3 (S.D. Ohio Oct. 29, 2015) ("Even a simple affidavit could provide the supporting evidence a court needs to make the required findings.") (citing *In re Marchiando*, 13 F.3d 1111, 1114 (7th Cir. 1994)).

Accordingly, petitioner's Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Serve Notice pursuant to Fed. R. Civ. P. 77(d) (Doc. 44) should be **DENIED.**

### B. Petitioner's "Motion to Withdraw Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with Doctrine of Equitable Tolling"

In Document 46, petitioner seeks to "withdraw his Rule 60(b)(6) claim." (Doc. 46, at PageID 586). However, petitioner also indicates in the same document that he "shall remain with his initial theory as to not prejudice[] the court." (Doc. 46, at PageID 586).

The Court **RECOMMENDS** that petitioner's motion (Doc. 46) be **DENIED**.[3] To the extent petitioner continues to rely on Rule 60(b)(6) for relief, Rule 60(b)(6) does not provide a basis for reopening the time for petitioner's appeal for the reasons stated in the Court's March 22, 2021 Report and Recommendation. (*See* Doc. 42, at PageID 570-71). Nothing in

---

[3]The Court understands Document 46 to be an attempt by petitioner to substitute his Rule 60(b)(6) argument with a new equitable tolling argument. As noted above, equitable tolling does not apply in this case.

3

petitioner's motion (Doc. 46) changes the Court's March 22, 2021 recommendation to deny petitioner's motion to reopen the time for appeal.

Further, for the reasons stated above in addressing Document 44, equitable tolling does not provide a basis for granting petitioner relief. Accordingly, to the extent that petitioner requests in his Motion to Withdraw Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with Doctrine of Equitable Tolling (Doc. 46) for the Court to reconsider its March 22, 2021 Report and Recommendation based on his newly asserted equitable tolling argument, the motion should also be **DENIED.**

## IT IS THEREFORE RECOMMENDED THAT:

1. The Court **ADOPT** the undersigned's March 22, 2021 **REPORT AND RECOMMENDATION** (Doc. 42) in its entirety.

2. The Court **DENY** petitioner's Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Serve Notice pursuant to Fed. R. Civ. P. 77(d) (Doc. 44).

3. The Court **DENY** petitioner's Motion to Withdraw Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with Doctrine of Equitable Tolling (Doc. 46).

4. A certificate of appealability should not issue with respect to the denial of petitioner's motions for reconsideration (Docs. 44, 46) because jurists of reason would not find it debatable that the Court abused its discretion in denying these motions. *See e.g. Amr v. U.S.,* 280 F. App'x 480, 486 (6th Cir. 2008); *Dasgupta v. Nagy*, No. 1:17-CV-10277, 2020 WL 1139682, at *1 (E.D. Mich. Mar. 9, 2020).

5. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANDRE D. WASHINGTON, <br>     Petitioner, <br><br> vs. <br><br> WARDEN, NORTH CENTRAL <br> CORRECTIONAL INSTITUTION, | Case No. 1:18-cv-709 <br><br> Cole, J. <br> Bowman, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).