UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE D. WASHINGTON,

    Petitioner,

v.

WARDEN, NORTH CENTRAL
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 1:18-cv-709
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

**OPINION AND ORDER**

This cause comes before the Court on the Magistrate Judge's March 22, 2021, Report and Recommendation ("March 2021 R&R," Doc. 42). In the March 2021 R&R (Doc. 42), the Magistrate Judge recommends the Court deny Petitioner Andre Washington's Motion to Reopen Time to File an Appeal pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b)(6) (Doc. 33). The Magistrate Judge also recommends the Court deny as moot Washington's Motion to Authenticate Evidence pursuant to Federal Rule of Evidence ("Fed. R. Evid.") 901(A) (Doc. 41). Washington filed his Objections (Doc 45) to the March 2021 R&R (Doc. 42) on May 5, 2021.

Also before the Court is the Magistrate Judge's July 7, 2021, Report and Recommendation ("July 2021 R&R," Doc. 47). In the July 2021 R&R (Doc. 47), the Magistrate Judge recommends the Court deny both Washington's Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Serve Notice Pursuant to Fed. R. Civ. P. 77(d) (Doc. 44) and his Motion to Withdraw his Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with the Doctrine of Equitable Tolling (Doc. 46). Although

1

neither party has yet filed objections, Washington has filed a Motion for Stay and Abeyance (Doc. 51), and a Motion for Praecipice (Doc. 52), each of which the Court construes as a preliminary response to the July 2021 R&R (Doc. 47).

For the reasons stated more fully below, the Court **ADOPTS** the March 2021 R&R (Doc. 42). Accordingly, the Court **DENIES** Washington's Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. 33) and **DECLINES** to issue a certificate of appealability with respect to the denial of this Motion, as jurists of reason would not find it debatable that the Court properly exercised its discretion in denying Washington's Motion for relief from judgment (Doc. 33). Further, the Court **DENIES AS MOOT** Washington's Motion to Authenticate Evidence pursuant to Fed. R. Evid. 901(A) (Doc. 41). The Court also **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of those portions of this Order adopting the March 2021 R&R (Doc. 42) would not be taken in good faith, and therefore **DENIES** Washington leave to appeal in forma pauperis.

The Court also **DENIES** Washington's Motion for Stay and Abeyance (Doc. 51) and Motion for Praecipice (Doc. 52). Finally, the Court **DIRECTS** the parties to file any objections to the Magistrate Judge's July 7, 2021, Report and Recommendation (Doc. 47) within fourteen (14) days.

## PROCEDURAL HISTORY

Washington filed his Petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2254 on September 11, 2018. (Doc. 1). On April 27, 2020, this Court issued an Opinion and Order ("April 2020 Opinion and Order," Doc. 31) dismissing with

prejudice Washington's Petition and denying Washington a certificate of appealability.

Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure ("Fed. R. App. P."), notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of judgment or order appealed from." Washington missed this initial deadline. He has since explained that he first learned of the Court's April 2020 Opinion and Order in August 2020, when he sent the Clerk of this Court a letter inquiring as to the status of his case, to which the Clerk responded. (Mot. to Reopen Time to File Appeal, Doc. 33, #528–29).

This Opinion concerns Washington's various efforts since then to reopen the time to file an appeal of the Court's April 2020 Opinion and Order. Specifically, on November 9, 2020, Washington filed a Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b)(6). (Doc 33). Later, on March 8, 2021, Washington filed a Motion to Authenticate Evidence pursuant to Fed. R. Evid. 901(A) (Doc. 41), in which he sought to authenticate certain evidence that he claims supports his argument that he did not receive notice of the Court's April 2020 Opinion and Order until August 2020. In her March 2021 R&R (Doc. 42), the Magistrate Judge recommends the Court deny Washington's Motion to Reopen Time to File an Appeal under Fed. R. Civ. P. 60(b)(6) (Doc. 33) and deny as moot Washington's Motion to Authenticate Evidence pursuant to Fed. R. Evid. 901(A) (Doc. 41).

After the Magistrate Judge filed her March 2021 R&R, Washington filed Objections (Doc. 45) and two new motions: a Motion for Relief of Equitable Tolling

due to the Clerk's failure to service notice pursuant to Rule 77(d)¹ (Doc. 44) and a Motion to Withdraw his Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with Doctrine of Equitable Tolling (Doc. 46).² Because these two new Motions are subject to review by the Magistrate Judge in the first instance, the Magistrate Judge issued a new R&R (Doc. 47) in July 2021 recommending both Motions be denied.

Thus far, neither party to this action has filed proper objections to the July 2021 R&R. Washington, however, has filed a Motion for Stay and Abeyance (Doc. 51) and a Motion for Praecipice (Doc. 52). While neither of these Motions constitute proper objections to the Magistrate Judge's findings, they appear to be designed as preliminary responses to the July 2021 R&R.

---

¹ The Court notes that the title of this Motion is a misnomer. As the July 2021 R&R explains, "[a]lthough [Washington] titles Document 44 'Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Serve Notice pursuant to Fed. R. Civ. P. 77(d),' the Court's docket sheet states that a copy of the District Court's [April 2020] Opinion and Order (Doc. 31) and of the Judgment (Doc. 32) were mailed to the parties that did not receive electronic notification. Although petitioner contends that he did not receive notice of the Court's Order and Judgment until August 2020, there is no indication that the Clerk failed to serve notice of the Order and Judgment." (Doc. 47, #591).

² The second of these Motions was filed in the same document as Washington's Objections to the Magistrate Judge's March 2021 R&R. For the sake of clarity, the Clerk docketed this document twice: once as docket entry 45 ("Petitioner Memorandum in Opposition to the Magistrate's [March 2021 R&R]") and once as docket entry 46 ("Motion to Withdraw Fed. R. Civ. P. 60(b)(6) Claim."). That said, docket entry 45/46 tends to read as a unified whole, and, thus, where Washington's Objections end and his Motion begins is not always entirely clear.
  Nonetheless, because Washington's Motion is subject to review by the Magistrate Judge in the first instance and his Objections are directed solely toward the District Judge, it is necessary for procedural purposes to delineate between the two. Accordingly, while the Magistrate Judge considered docket entry 45/46 in her July 2021 R&R to the extent that it constituted a new and separate Motion, she did not consider it to the extent it constituted Objections to her prior March 2021 R&R. Similarly, in this Opinion, the Court reviews docket entry 45/46 to the extent it constitutes Washington's Objections to the March 2021 R&R. However, to the extent docket entry 45/46 represents a new motion subject to review by the Magistrate Judge in the first instance, the Court defers consideration of the document until the parties have had a final opportunity to file objections to the July 2021 R&R.

Accordingly, the Court's discussion proceeds in two parts. First, the Court reviews Washington's Objections to the March 2021 R&R. Second, the Court reviews the two Motions filed as Washington's preliminary responses to the July 2021 R&R.

## LEGAL STANDARD

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). However, a general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, the litigant must identify each issue in the R&R to which she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That being said, here, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21

5

(1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**THE MARCH 2021 R&R**

On November 9, 2020, Washington filed his Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b)(6). (Doc. 33). Washington seeks to reopen time to file an appeal, "stating that he did not receive notice of the Court's April 27, 2020 Judgment until August 2020." (March 22 R&R, Doc. 42, #569 (citing Mot. to Reopen Time to File Appeal, Doc. 33, #528–30)). Subsequently, on March 8, 2021, Washington also filed a Motion to Authenticate Evidence pursuant to Fed. R. Evid. 901(A) (Doc. 41), seeking to authenticate evidence supporting his assertion that he did not receive notice of the Court's April 2020 Opinion and Order until August 2020.

In the March 2021 R&R, the Magistrate Judge recommends that this Court deny Washington's Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b)(6). (Doc. 42, #569). The March 2021 R&R explains that, "where the appellant fails to file a timely notice of appeal or to request an extension to do so because of failure to receive notice of judgment, [Fed R. App. P.] 4(a)(6) allows the appellant to reopen the time for filing an appeal in certain limited circumstances." (*Id.*). However, the Magistrate Judge finds that Washington did not meet the "limited circumstances" required by Rule 4(a)(6). Under Rule 4(a)(6)(B), the Court may consider a party's motion to reopen time to file an appeal for lack of notice if the motion "is filed within 180 days after the … order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is

6

earlier." In Washington's case, the Magistrate Judge observes that he missed both time windows provided by Rule 4(a)(6)(B)—filing his motion more than fourteen days after he had received notice of the Court's Order and more than 180 days after the Court's Order had been issued. (March 2021 R&R, Doc. 42, #570).

Perhaps recognizing that Rule 4(a)(6) is not a viable avenue in this case, Washington instead asks the Court to reopen his time to file under Fed. R. Civ. P. 60(b), rather than Fed. R. App. P. 4(a)(6). (Mot. to Reopen Time to File Appeal, Doc. 33, #530). Rule 60(b) provides that a court may grant a party relief from a final judgment, order, or proceedings under certain circumstances. However, the March 2021 R&R finds Washington's efforts to use Rule 60(b) to reopen his time unavailing, as the Sixth Circuit has found that "Rule 60(b) is an appropriate means of considering equitable interests when a notice of appeal is filed late *for reasons other than lack of notice.*" (March 2021 R&R, Doc. 42, #570 (quoting *Tanner v. Yukins*, 776 F.3d 434, 441 (6th Cir. 2015) (emphasis added))). Thus, because Washington seeks to reopen time to file an appeal based on lack of notice, the March 2021 R&R concludes that he cannot invoke Rule 60(b).

Accordingly, the March 2021 R&R recommends that the Court deny Washington's Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b). (*Id.* at #569). Moreover, because the R&R explains that it would reach this conclusion even if it were to consider the evidence Washington attempts to authenticate by way of his Motion to Authenticate Evidence, the R&R recommends that this Motion should be denied as moot. (*Id.* at #571–72).

In his Objections to the March 2021 R&R, Washington argues that denying his Motion to Reopen Time to File an Appeal would be a violation of his Fourteenth Amendment right of due process and an abuse of discretion. (Obj. to March 2021 R&R, Doc. 45, #583). The Court disagrees. First, it is not clear that the Due Process Clause affords a litigant a constitutional right to an appeal at all. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("There is, of course, no constitutional right to an appeal."); *see also United States v. Aloi,* 9 F.3d 438, 443 (6th Cir. 1993) ("It has long been recognized that there is no federal constitutional right to an appeal.").[3]

Even putting that aside, here the rules provide for an appeal, they just also specify the time in which a party must commence that process. A thirty-day window for initiating an appeal would satisfy due process under any reasonable definition of that term. *Radecki v. Joura*, 177 F.3d 694, 696 (8th Cir. 1999) ("[A] statute providing definite and reasonable deadlines comports with due process[.]") (citation omitted).

Here, of course, Washington argues that he could not avail himself of an appeal because he did not know a judgment had issued within that time. But, as the Magistrate Judge correctly pointed out, the rules also provide for that eventuality, allowing the time to be reopened upon the showing of certain conditions. Fed. R. App. P. 4(a)(6). Perhaps one could imagine situations where the Rule's use of the *earlier* of "180 days after the … order is entered or within 14 days after the moving party receives notice" may raise constitutional concerns—for example, if prison officials

---

[3] Of course, when a judicial system provides for an appeal as of right, equal protection requires that the appeal be available on terms that do not discriminate as a practical matter based on, for example, economic status. *See, e.g., Griffin v. Illinois*, 351 U.S. 12 (1956).

8

prevent an inmate from learning about a court's order for more than 180 days. But, whatever the merits of such an argument, the Court need not worry about it here, as there is no question that (1) Washington learned of the Order within the 180-day window, and (2) he did not act promptly even once he had learned. As noted above, it is undisputed that Washington learned of the Order in August 2020. (March 2021 R&R, Doc. 42, #570 (citing Mot. to Reopen Time to File Appeal, Doc. 33, #529)). He then waited approximately two months, however, to receive records from prison staff to support his Motion to Reopen his Time to File an Appeal. (Mot. to Reopen Time to File Appeal, Doc. 33, #534). Why Washington chose to wait for these specific records is not at all clear, as even an affidavit could have supported his assertion that he did not receive timely notice. Moreover, as the March 2021 R&R also notes, it appears that Washington in fact received the desired records by October 16, 2020—"more than ten days before the 180-day time period expired under Rule 4(a)(6) and more than nineteen days before petitioner signed his [M]otion on November 4, 2020." (March 2021 R&R, Doc. 42, #571). In sum, even if Washington did have a due process right to an appeal, he does not have the right to an appeal on his own timetable.

Nor was it an abuse of discretion for the Magistrate Judge to hold Washington to the plain language of the appellate rules. As the Supreme Court has observed, the time for initiating an appeal is a jurisdictional limit. *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 21 (2017) (where a party missed the deadlines under Fed. R. App. P. 4(a)(6), "the Court of Appeals lacked jurisdiction over [the] tardy appeal"). Thus, this Court does not have discretion to ignore those time limits, and accordingly

9

it cannot be an abuse of discretion to enforce them. Finally, to the extent Washington attempts to rely instead of Fed. R. Civ. P. 60(b), the Magistrate Judge correctly noted that the Sixth Circuit has indicated that this Rule is unavailable when a party seeks to reopen his or her time to file an appeal due to lack of notice. *Tanner*, 776 F.3d at 441.

For those reasons, the Court **OVERRULES** Washington's objections (Doc. 45), **ADOPTS** the March 2021 R&R (Doc. 42), and **DENIES** Washington's Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b) (Doc. 33). The Court also agrees with the R&R that, even if the evidence Washington moves to authenticate under Fed. R. Evid. 901(A) were considered, it would not alter the Court's decision here. Consequently, Washington's Motion to Authenticate Evidence under Rule 901(A) (Doc. 41) is **DENIED AS MOOT**.

## THE JULY 2021 R&R

After the Magistrate Judge issued the March 2021 R&R, Washington subsequently filed a Motion for Relief of Equitable Tolling due to the Clerk's Failure to Serve Notice Pursuant to Rule 77(d) (Doc. 44) and a Motion to Withdraw his Fed. R. Civ. P. 60(b)(6) Claim With Leave to Proceed with the Doctrine of Equitable Tolling (Doc. 46).

In his Motion for Relief of Equitable Tolling (Doc. 44), Washington argues that the Court should reopen the time to file an appeal pursuant to the doctrine of equitable tolling under *Holland v. Florida,* 560 U.S. 631 (2010). (Doc. 44, #578). As the July 2021 R&R (Doc. 47) correctly explains, "[e]quitable tolling is a doctrine that

10

allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." (July 2021 R&R, Doc. 47, #591 (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted))). The July 2021 R&R (Doc. 47) rejects Washington's argument, however, noting that the Sixth Circuit has found "nothing within Rule 4(a)(6) indicates that it is permissive or that its limitations may be waived for equitable reasons." (*Id.* (quoting *Bowles v. Russell,* 432 F.3d 668, 673 (6th Cir. 2005))). Accordingly, the July 2021 R&R (Doc. 47) concludes that the doctrine of equitable tolling does not apply when a litigant attempts to reopen the time to file an appeal due to lack of notice and recommends that Washington's Motion for Relief of Equitable Tolling (Doc. 44) be denied. (*Id.* at #591–92).

With regard to Washington's Motion to Withdraw his Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with the Doctrine of Equitable Tolling (Doc. 46), the July 2021 R&R (Doc. 47) expresses some uncertainty as to the purpose of this Motion. While the Motion's title appears to suggest that Washington has abandoned his Fed R. Civ. P. 60(b)(6) theory, the Magistrate Judge notes that, in the Motion, Washington also states that he "shall remain with his initial theory as to not prejudice[] the court." (July 2021 R&R, Doc. 47, #592 (quoting Mot. to Withdraw Fed. R. Civ. P. 60(b)(6) Claim, Doc. 46, #586)). Thus, the July 2021 R&R (Doc. 47) offers two possible interpretations of this Motion (Doc. 46). First, the R&R suggests that Washington may be abandoning his Fed R. Civ. P. 60(b)(6) theory in order to redirect the Court's judicial energies towards his equitable tolling argument. (*Id.* at #593). If that is the

11

case, the R&R (Doc. 47) reiterates its conclusion that the doctrine of equitable tolling does not apply when litigants seek to reopen the time to file an appeal based on lack of notice. (*Id.*). Second, if Washington is instead attempting to reassert his Rule 60(b)(6) theory, the July 2021 R&R (Doc. 47) concludes that this argument already received sufficient attention in the previous March 2021 R&R, where it was rejected. (*Id.* at #592–93). In either case, the July 2021 R&R (Doc. 47) recommends the Court deny Washington's Motion to Withdraw his Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with the Doctrine of Equitable Tolling (Doc. 46). (*Id.*).

In response to the July 2021 R&R (Doc. 47), Washington filed a Motion for Stay and Abeyance (Doc. 51), asking the Court to issue a stay to give him time to "gather [his prison's] incoming mail … log." (Doc. 51, #605). Relatedly, Washington has also filed a separate Motion for Praecipice, requesting that the Clerk of the Court serve the respondent Warden with a subpoena. (Doc. 52, #610). Specifically, Washington seeks a "copy of the redacted incoming legal mail log [f]or the days of Apr. 27, 2020, Apr. 28., 2020, [and] Apr. 29, 2020." (*Id.*).

Washington filed both the Motion to Stay (Doc. 51) and Motion for Praecipice (Doc. 52) in an effort to gather further evidence that he did not receive timely notice of the Court's April 2020 Opinion and Order (Doc. 31) dismissing his Petition (Doc. 1). However, the Court reiterates that, even if Washington could provide this evidence, the Court would not be able to reopen Washington's time to file an appeal. *See Bowles,* 432 F.3d at 673 (observing that "nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons").

Accordingly, the Court **DENIES** Washington's Motion for Stay and Abeyance (Doc. 51) as futile. For that same reason, the Court also **DENIES** Washington's Motion for Praecipice (Doc. 52). *See Samatar v. Clarridge,* 225 F. App'x 366, 375 (6th Cir. 2007) ("[A] district court should grant leave to conduct discovery in habeas corpus proceedings only where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is entitled to relief[.]" (internal modifications and quotation marks omitted)).

Although Washington appears to have filed both the Motion to Stay (Doc. 51) and the Motion for Praecipice (Doc. 52) as preliminary responses to the July 2021 R&R (Doc. 47), neither party has yet filed proper objections to the Magistrate Judge's findings. Accordingly, the Court **DIRECTS** both parties to file any outstanding objections to the July 2021 R&R (Doc. 47) within fourteen (14) days of the entry of this Opinion and Order.[4] The Court defers further consideration of the July 2021 R&R (Doc. 47) until that time.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Washington's objections (Doc. 45) and **ADOPTS** the March 2021 R&R (Doc. 42). Accordingly, the Court **DENIES** Washington's Motion to Reopen Time to File an Appeal pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. 33) and **DECLINES** to issue a certificate of appealability with respect to the denial of this Motion, as jurists of reason would not find it

---

[4] Because Washington has explained that the Covid-19 pandemic has impacted his ability to access his prison's law library, (Mot. for Stay, Doc. 51, #605), the Court also notes that he may file a motion for an extension if additional time is necessary to conduct his legal research.

debatable that the Court properly exercised its discretion in denying Washington's motion for relief from judgment. Further, the Court **DENIES AS MOOT** Washington's Motion to Authenticate Evidence pursuant to Fed. R. Evid. 901(A) (Doc. 41). The Court also **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of those portions of this Order adopting the March 2021 R&R (Doc. 42) would not be taken in good faith, and therefore **DENIES** Washington leave to appeal in forma pauperis.

The Court also **DENIES** Washington's Motion for Stay and Abeyance (Doc. 51) and Motion for Praecipice (Doc. 52). Finally, the Court **DIRECTS** the parties to file any objections to the Magistrate Judge's July 7, 2021, Report and Recommendation (Doc. 47) within fourteen (14) days.

**SO ORDERED.**

March 11, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**