# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**ANDRE D. WASHINGTON,**

    **Petitioner,**

  v.

**WARDEN, NORTH CENTRAL CORRECTIONAL INSTITUTION,**

    **Respondent.**

Case No. 1:18-cv-709
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's July 7, 2021, Report and Recommendation (July 2021 R&R, Doc. 47). The Magistrate Judge recommends the Court deny Petitioner Andre Washington's Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Service Notice Pursuant to Fed. R. Civ. P. 77(d) (Doc. 44) and his Motion to Withdraw his Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with the Doctrine of Equitable Tolling (Doc. 46).

For the reasons stated more fully below, the Court **ADOPTS** the July 2021 R&R (Doc. 47) and, consequently, **DENIES** Washington's Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Service Notice Pursuant to Fed. R. Civ. P. 77(d) (Doc. 44) and his Motion to Withdraw his Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with the Doctrine of Equitable Tolling (Doc. 46).

To start, the July 2021 R&R advised all parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which

includes the right to district court review. (*See* Doc. 47, #595[1]); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture") (emphasis removed); 28 U.S.C. § 636(b)(1)(C). In this case, that original deadline passed on July 21, 2021, without any party having filed objections. In its March 11, 2022 Opinion and Order ("March 2022 Opinion," Doc. 53), the Court granted the parties an additional fourteen days in which to file objections. After Washington filed a Motion for an Extension of Time, the Court later extended that deadline to April 27, 2022. (4/1/2022 Notation Order). That deadline passed nearly four months ago, and no party has filed any objections.

That being said, although no party has objected, the advisory committee notes to Fed. R. Civ. P. 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Jackson v. Drug Enforcement Admin.*, No. 1:21-cv-402, 2022 WL 60312, at *1 (S.D. Ohio Jan. 6, 2022) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Wilkins v. Mahlman*, No. 1:21-cv-312, 2022 WL 44689, at *1 (S.D. Ohio Jan. 5, 2022) (same); *Brunner v. Bell*, No. 1:19-cv-575, 2021 WL 4480484, at *1 (S.D. Ohio Sept. 30, 2021) (same). Accordingly, the Court has reviewed the July 2021 R&R,

---

[1] Refers to PAGEID #.

and the Court determines that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Washington filed his Petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2254 on September 11, 2018. (Doc. 1). On April 27, 2020, this Court issued an Opinion and Order dismissing with prejudice Washington's Petition and denying Washington a certificate of appealability. (Doc. 31). Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of judgment or order appealed from." Washington missed that initial deadline. He has since explained that he first learned of the Court's April 2020 Opinion and Order in August 2020, when he sent the Clerk of this Court a letter inquiring as to the status of his case, to which the Clerk responded. (Mot. to Reopen Time to File Appeal, Doc. 33, #528–29). While Fed. R. App. P. 4(a)(6) gives parties the ability to reopen the time to file an appeal if they did not receive timely notice of the district court's judgment, they must move to do so "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under [Fed. R. Civ. P.] 77(d) of the entry, which is earlier." Washington missed both of these deadlines to reopen his time to file an appeal. The two Motions at issue in this Order relate to Washington's various efforts to reopen his time to file an appeal outside the time limits prescribed by Fed. R. App. P. 4(a)(6).

3

First, in his Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Service Notice[2] Pursuant to Fed. R. Civ. P. 77(d), Washington argues that the Court should reopen the time to file an appeal pursuant to the doctrine of equitable tolling under *Holland v. Florida*, 560 U.S. 631 (2010). (Doc. 44, #578). As the July 2021 R&R correctly explains, "[e]quitable tolling is a doctrine that allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" (Doc. 47, #591 (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010))). The July 2021 R&R rejects Washington's argument, however, noting that the Sixth Circuit has found "nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." (*Id.* (quoting *Bowles v. Russell*, 432 F.3d 668, 673 (6th Cir. 2005)) (internal quotation marks omitted)). Accordingly, the July 2021 R&R concludes that the doctrine of equitable tolling does not apply when a litigant attempts to reopen the time to file an appeal due to lack of notice and recommends that Washington's Motion for Relief of Equitable Tolling be denied. (*Id.* at #591–92).

With regard to Washington's Motion to Withdraw his Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with the Doctrine of Equitable Tolling ("Motion to

---

[2] The Court notes that the title of this Motion is a misnomer. As the July 2021 R&R explains, "[a]lthough [Washington] titles Document 44 'Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Serve Notice Pursuant to Fed. R. Civ. P. 77(d),' the Court's docket sheet states that a copy of the District Court's [April 2020] Opinion and Order (Doc. 31) and of the Judgment (Doc. 32) were mailed to the parties that did not receive electronic notification. Although petitioner contends that he did not receive notice of the Court's Order and Judgment until August 2020, there is no indication that the Clerk failed to serve notice of the Order and Judgment." (Doc. 47, #591).

Withdraw"), the July 2021 R&R expresses some uncertainty as to the purpose of this Motion. Washington had previously attempted to reopen his time to file an appeal in a prior motion under Fed. R. Civ. P. 60(b)(6), an effort both the Magistrate Judge and this Court rejected. (Mar. 2021 R&R, Doc. 42, #569; *report and recommendation adopted*, Doc. 53, #616). The title of Washington's present Motion to Withdraw suggests that Washington has abandoned this Fed R. Civ. P. 60(b)(6) theory. However, in the body of the Motion, Washington also states that he "shall remain with his initial theory as to not prejudice[] the court"—which suggests he still seeks relief under Fed. R. Civ. P. 60(b)(6). (Mot. to Withdraw Fed. R. Civ. P. 60(b)(6) Claim, Doc. 46, #586)).

The July 2021 R&R offers two possible interpretations of this Motion. First, the July 2021 R&R suggests that Washington may be abandoning his Fed R. Civ. P. 60(b)(6) theory in order to redirect the Court's judicial energies towards Washington's equitable tolling argument. (July 2021 R&R, Doc. 47, #593). If that is the case, the July 2021 R&R reiterates its conclusion that the doctrine of equitable tolling does not apply when litigants seek to reopen the time to file an appeal based on lack of notice. (*Id.*). Second, if Washington is instead attempting to reassert his Rule 60(b)(6) theory, the July 2021 R&R concludes that this argument already received sufficient attention in the Magistrate Judge's previous March 2021 R&R, where it was rejected. (*Id.* at #592–93). In either case, the July 2021 R&R recommends the Court deny Washington's Motion to Withdraw his Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with the Doctrine of Equitable Tolling. (*Id.*).

The Court identifies no clear error in the July 2021 R&R's analysis. First, the Court agrees with the Magistrate Judge that the doctrine of equitable tolling cannot be applied to Rule 4(a)(6)'s time limitations—thus, to the extent that Washington advances that theory in either of the Motions at issue here, the Court rejects it. *See Bowles*, 432 F.3d at 673. Second, to the extent Washington instead asks the Court to reopen his time to file an appeal under Rule 60(b)(6), the Court rejects that argument for the reasons already discussed in its March 2022 Opinion, where it adopted the Magistrate Judge's March 2021 R&R. (March 2022 Op., Doc. 53, #624 ("[T]o the extent Washington attempts to rely [on] Fed. R. Civ. P. 60(b), … the Sixth Circuit has indicated that this Rule is unavailable when a party seeks to reopen his or her time to file an appeal due to lack of notice.") (citing *Tanner v. Yukins*, 776 F.3d 434, 441 (6th Cir. 2015))).

Accordingly, the Court **ADOPTS** the July 2021 R&R (Doc. 47). As a result, the Court **DENIES** Washington's Motion for Relief of Equitable Tolling Due to the Clerk's Failure to Service Notice Pursuant to Fed. R. Civ. P. 77(d) (Doc. 44) and his Motion to Withdraw his Fed. R. Civ. P. 60(b)(6) Claim with Leave to Proceed with the Doctrine of Equitable Tolling (Doc. 46).

The Court also **DECLINES** to issue a certificate of appealability with respect to the denial of these Motions, as jurists of reason would not find it debatable that the Court properly exercised its discretion in denying them. Finally, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would

6

not be taken in good faith, and therefore **DENIES** Washington leave to appeal in forma pauperis.

    **SO ORDERED.**

| | |
|---|---|
| August 29, 2022 | |
| **DATE** | **DOUGLAS R. COLE**<br>**UNITED STATES DISTRICT JUDGE** |